Case 9:20-cv-00147-RC-ZJH Document 4 Filed 07/02/20 Page 1 of 10 PageID #: 32

Filed 6/9/2020 4:00 PM
Reba Squyres, District Clerk
Angelina County, Texas
By: Brittany Crawford,
Deputy Clerk

NO. CV-00296-20-06

| | |
|---|---|
| JOSE MANUEL REQUENA and OSCAR REQUENA, Individually and On Behalf of the Estate of Maria Hernandez, | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | |
| v. | ANGELINA COUNTY |
| PILGRIM'S PRIDE CORPORATION, | |
| DEFENDANT. | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Come now PLAINTIFFS, JOSE MANUEL REQUENA and OSCAR REQUENA, Individually and On Behalf of the Estate of Maria Hernandez, by and through their undersigned attorneys, for their Petition against Defendant PILGRIM'S PRIDE CORPORATION related to the exposure of decedent, Maria Hernandez to COVID-19, and in support thereof would show the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this lawsuit and over the persons and companies referenced above because they are domiciled in this State and/or have sufficient minimum contacts with this State and Plaintiff's claims arise from those contacts.

2. Venue is proper in this Court pursuant to Texas Civil Practice and Remedies Code § 15.002.

### II. PARTIES

1. Plaintiff Jose Manuel Requena is a surviving adult son of decedent, Maria Hernandez, and a resident of the State of Texas. He brings this suit individually and on behalf of

the Estate of Maria Hernandez, deceased, pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code.

2. Plaintiff Oscar Requena is a surviving adult son of decedent, Maria Hernandez, and a resident of the State of Texas. He brings this suit individually and on behalf of the Estate of Maria Hernandez, deceased, pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code.

3. Defendant Pilgrim's Pride Corporation ("Pilgrim's") is a Delaware corporation, with its principal place of business at 1770 Promontory Circle Greeley, Colorado 80634. Defendant engaged, and continues to engage, in relevant business activities and services in Texas. Pilgrim's may be served through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

### III. DISCOVERY LEVEL

4. Plaintiffs request that discovery be conducted under Level 3 of the Texas Rules of Civil Procedure.

### IV. FACTS

5. While American citizens and businesses across the country were taking extraordinary steps to limit the spread and impact of COVID-19, Pilgrim's sent an employee who had worked for the company for over 30 years into the heart of an outbreak at its Lufkin, Texas, processing plant. The fact that Maria Hernandez, then 63 years old, was at higher risk of succumbing to the effects of COVID-19 did not stop Pilgrim's from sending her to a known hot spot for the virus. On April 23, 2020, Pilgrim's management shifted workers from other departments to the Shipping and Labeling department to fill in for workers who were absent due to a COVID-19 outbreak. Among those workers was Maria Hernandez, who became infected.

On May 8, 2020, her 64th birthday, Ms. Hernandez became the first Lufkin resident to die of complications related to COVID-19.

## V. COVID-19

6.  COVID-19, the disease caused by the novel coronavirus SARS-CoV-2, has led to a global pandemic. The first known case of COVID-19 in the United States was identified on January 21, 2020. By March 13, 2020, Governor Greg Abott had declared a statewide emergency. COVID-19 quickly spread throughout Texas, including to the Pilgrim's plant in Lufkin.

7.  COVID-19 causes more severe symptoms, and even death, at a significantly higher rate in older individuals. One study has estimated that the infection fatality rate in those aged 60–69 is nearly <u>three times</u> higher than in the overall population.

8.  COVID-19 spreads rapidly among individuals forced to work in close proximity. Additionally, the virus that causes COVID-19 thrives in colder temperatures. For those reasons, meatpacking and poultry plants like the Pilgrim's plant in Lufkin have experienced outbreaks around the country and are often "hot spots" for the virus within their communities. Plant workers are infected at grossly disproportionate rates when compared to the general population. For example, although Pilgrim's employees account for approximately two percent of employees in Angelina County, as of May 9, 2020, nearly half (50 out of 107) of all confirmed COVID-19 cases in the county were employees of Pilgrim's. While other employers shut down facilities experiencing outbreaks – even if only temporarily to allow for deep cleaning – as of the time of Ms. Hernandez's death Pilgrim's had refused to shut down even 48 hours for additional cleaning.

## VI. PILGRIM'S PRIDE

9.  Pilgrim's Pride Corporation ("Pilgrim's") traces its origins back to a feed store founded in Pittsburg, Texas, in 1946 by brothers Aubrey and Lonnie Pilgrim. In 2009, JBS USA

Holdings, Inc., a subsidiary of the Brazilian company JBS S.A., acquired majority ownership of the company. Pilgrim's now operates in 14 states across the United States and distributes chicken and chicken products under various brands. The company claims that "nearly 1 out of every 5 chickens in the U.S. come from Pilgrim's."

10. Pilgrim's proclaims on its website that they "are dedicated to [their] team members" and that their goal is to provide them with "the opportunity for a better future!" In a statement to The Lufkin Daily News, Pilgrim's declared, "The health and safety of our employees is our highest priority."

11. No later than April 21, 2020, Pilgrim's management was aware of multiple cases of COVID-19 amongst their employees at the Lufkin plant. Pilgrim's employees began to miss work, especially in the Shipping and Labeling department. Management responded by shifting workers from other departments into that area, where several employees had already fallen sick. Pilgrim's failed to take adequate precautions to protect these incoming workers and failed to account for risk factors such as age when assigning workers.

12. According to a Pilgrim's employee, as reported in the Lufkin Daily News, the Shipping and Labeling department at Pilgrim's was consistently understaffed during the pandemic due to illness, employees being tested, or absenteeism. According to another Pilgrim's employee, speaking to the paper on condition of anonymity, the company pulled people from each department into Shipping and Labeling despite employees' concerns of cross-contamination.

13. On information and belief, in order to keep employees working, Pilgrim's understated the number of COVID-19 infections, refused to allow employees to take personal days, and threatened repercussions if employees did not report for work.

14. Nevertheless, Pilgrim's insisted in a statement that it was "offering support" to team members who tested positive and their families. The company maintained that it was "taking strict precautions at all of [its] facilities to protect the health and safety of [its] team members" and would do "*all we can*" to keep the virus out of its facilities.

15. The events leading up to Ms. Hernandez's death tell a different story.

### VII. MARIA HERNANDEZ

16. Maria Hernandez was born in 1956. For over three decades until her untimely death, she worked the line at the Pilgrim's plant in Lufkin, Texas, while raising her two sons. At the time of her death, Ms. Hernandez worked on the Second Processing line as a machine operator.

17. When she became aware of the COVID-19 threat, Ms. Hernandez took precautions to avoid unnecessary social contact. She consistently maintained social distancing and limited contact outside of the workplace. Because of the nature of her job, however, Ms. Hernandez could not avoid being around others while working. And when she was sent to work in the Shipping and Labeling department, a hot spot in the Lufkin plant known to Pilgrim's management, she could not avoid the virus that caused her death.

18. On or about Thursday, April 23, 2020, instead of working her usual station, Ms. Hernandez was instructed to report to work in the Shipping and Labeling department at the Pilgrim's plant. Faced with the possibility of losing her job if she refused, Ms. Hernandez complied.

19. Soon thereafter, on Friday, May 1, Ms. Hernandez began experiencing COVID-19 symptoms. The next day she called in sick. On Monday, May 4, although she was still not feeling well, Ms. Hernandez reported for work rather than risk being penalized by her employer. After an hour or so, Ms. Hernandez was unable to continue working and went to see a company

nurse. The nurse suggested Ms. Hernandez see a doctor. Ms. Hernandez's doctor suspected she had COVID-19 and performed a test for the coronavirus. He also recommended that she quarantine.

20. That same day, too late to be of any help to Ms. Hernandez, Pilgrim's sent home all workers 60 years of age or older from the Lufkin plant.

21. Ms. Hernandez received positive results from her coronavirus test just days before her death.

22. On Friday, May 8, 2020, her 64th birthday, Ms. Hernandez died of complications related to COVID-19 -- less than three weeks after being sent to work in the heart of an outbreak.

## VIII. COUNT I

### Negligence

23. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

24. Pilgrim's owed Maria Hernandez a nondelegable duty to provide a safe workplace.

25. Pilgrim's owed Maria Hernandez a duty to warn her of the fact that Pilgrim's employees had tested positive for COVID-19, and specifically that the Shipping and Labeling department was a "hot spot" with a higher number of cases relative to other areas of the Lufkin plant.

26. Pilgrim's owed Maria Hernandez a duty to consider reasonable risk factors, such as age, before assigning her to an area of the plant where employees had been infected.

27. Pilgrim's owed Maria Hernandez a duty not to place her in harm's way by exposing her unnecessarily to increased risk of exposure to COVID-19 without adequate personal protective equipment.

28. Pilgrim's owed Maria Hernandez a duty to implement and enforce safety protocols to prevent the spread of, and exposure to, COVID-19.

29. Pilgrim's owed Maria Hernandez a duty to seek out and remove sources of harm on the premises of the Lufkin plant that Pilgrim's controlled.

30. Pilgrim's breached its duties to Maria Hernandez by sending her to work in a known "hot spot" for COVID-19 without warning or adequate protection and without taking reasonable steps to render the area safe.

31. As a direct and proximate result of Defendant's actions, Plaintiffs suffered injuries and damages.

32. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs state that they are seeking monetary relief over $1,000,000.

## IX. COUNT II
### Gross Negligence

33. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

34. Pilgrim's was aware at all relevant times, and certainly no later than April 21, 2020, of the outbreak of COVID-19 in the Shipping and Labeling department of its Lufkin plant. Pilgrim's created an extreme risk of harm by failing to adequately address the outbreak before sending additional workers from other departments into the Shipping and Labeling department.

35. Pilgrim's created an extreme risk of harm by failing to account for risk factors such as age when assigning employees to areas where infected workers had previously been assigned.

36. As a direct and proximate result of Pilgrim's gross negligence, Plaintiffs suffered injuries and damages.

## X. DAMAGES

37. Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

38. The facts set out above demonstrate that, as a direct and proximate result of Pilgrim's conduct, Plaintiffs have individually suffered damages including, without limitation, pecuniary loss, both past and future, the loss of care, support, advice, and counsel. Plaintiffs suffered loss of companionship and society, both past and future, for the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiffs would have received from their beloved mother had she lived. Plaintiffs suffered mental anguish both past and future for the torment and emotional devastation of losing their mother, because of both her untimely death and the fact that she died alone in her home. Plaintiffs also suffered a loss of inheritance for the loss of the value of assets that Maria Hernandez would have added to the estate and left to her survivors upon her natural death.

39. The facts set out above demonstrate that, as a direct and proximate result of Pilgrim's conduct, the Estate of Maria Hernandez is entitled to recover all damages recoverable under Texas law including, without limitation, damages for reasonable funeral and burial expenses of the Estate of Maria Hernandez and for the conscious, emotional and physical pain, torment, anguish and suffering experienced or sustained by Maria Hernandez prior to her death.

40. Plaintiffs further seek all other actual damages available under applicable law, the costs of this suit, and such further relief as this Court deems necessary, just and proper

## XI. JURY DEMAND

41. Plaintiffs hereby demand a jury trial.

## XII. REQUEST FOR DISCLOSURE

42. Plaintiffs request that Defendant disclose, within fifty days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

## XIII. RULE 193.7 NOTICE

43. Plaintiffs provide notice under Texas Rule of Civil Procedure 193.7 to use any and all documents produced by Defendant.

## XIV. PRAYER

WHEREFORE, Plaintiffs ask that Defendant Pilgrim's Corporation be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant Pilgrim's Corporation, in excess of this Court's jurisdictional requisite for actual damages, costs of court, and any other relief that will fairly and adequately compensate for the losses herein alleged.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY, LLP**

*/s / William R. Langley*
**JIM HART**
State Bar No. 09147400
**WILLIAM R. LANGLEY**
State Bar No. 24102061
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 230-2326 – Telephone
(713) 643-6226 – Facsimile
PIDept@whlaw.com

/s/ George Chandler

George Chandler
State Bar No. 04094000
P.O. Box 340
Lufkin, Texas 75902-0340
(936) 632-7778 – Phone
(936) 632-1304 – Fax
gchandler@cmzlaw.net

**ATTORNEYS FOR PLAINTIFFS**