# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOSE MANUEL REQUENA and OSCAR REQUENA, Individually and On Behalf of the Estate of Maria Hernandez, <br><br> Plaintiffs, <br><br> vs. <br><br> PILGRIM'S PRIDE CORPORATION, <br><br> Defendant | ) ) ) ) ) ) ) ) Case No. 9:20-CV-147 ) ) ) ) ) |

## AGREED PROTECTIVE ORDER

The Court issues this Agreed Protective Order ("Protective Order"), which is agreed to by Plaintiffs Jose Manuel Requena and Oscar Requena, individually and on behalf of the Estate of Maria Hernandez (collectively, "Plaintiffs"), and Defendant Pilgrim's Pride Corporation ("Pilgrim's" and together with Plaintiffs referred to as "Parties"), to facilitate document disclosure and production under the local rules and practice of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, this Protective Order shall remain in effect through the conclusion of this litigation.

In support of this Protective Order, the Court finds that:

a. Documents or information containing confidential personal, proprietary and/or business information and/or trade secrets that bear significantly on the Parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

      b.      The Parties may assert that public dissemination and disclosure of confidential information could severely injure or damage the Party disclosing or producing the confidential information and could place that Party at a competitive disadvantage;

      c.      Counsel for the Party or Parties receiving confidential information are presently without sufficient information to accept the representation(s) made by the Party or Parties producing confidential information as to the confidential, proprietary, and/or trade secret nature of such confidential information; and

      d.      To protect the respective interests of the Parties and those of third-parties who may be impacted by the production of discovery by a Party and to facilitate the progress of disclosure and discovery in this case, the following Protective Order should issue.

**IT IS THEREFORE ORDERED THAT:**

      1.      This Protective Order is for the sole purpose of facilitating discovery in the above-styled and numbered cause.  It is expressly ordered that this Protective Order will not be disclosed in any manner to the jury, if any, in the above-styled and numbered cause.  It is further ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial.  It is further ordered that this provision is absolutely and completely essential to this Protective Order and that this paragraph is not severable from any remaining paragraph or provision of this Protective Order.

      2.      Except as otherwise provided below, any document, data, or thing produced, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing Party as "Confidential" or "Attorney's Eyes Only" (collectively, the "Material"), or any information contained in or derived from any of the foregoing Material, shall be subject to the provisions of this Protective Order until further order

of the Court. Except as provided herein, this Protective Order shall not permit one Party to designate documents, or any information contained in or derived from any documents, produced by another Party as "Confidential" or "Attorney's Eyes Only," or otherwise subject those documents, or any information contained in or derived from any documents, to the provisions of this Protective Order.

3. The Material shall be designated as "Confidential" or "Attorney's Eyes Only" by stamping the legend "Confidential" or "Attorney's Eyes Only" on each page thereof as to when confidentiality is claimed. All copies of Material stamped "Confidential" or "Attorney's Eyes Only" shall again be stamped "Confidential" or "Attorney's Eyes Only" if the duplicating process by which copies of such Materials are made does not reproduce the original stamp. Any Party may designate a deposition or portion thereof as "Confidential" or "Attorney's Eyes Only" Material by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Attorney's Eyes Only" Material within twenty-one (21) calendar days of receipt of the transcript and so informing all other Parties of such designation. Alternatively, a Party may orally designate testimony as "Confidential" or "Attorney's Eyes Only" Material during the course of the deposition, in which case the court reporter shall transcribe the pages so designated in a separate volume marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." Any portion of a deposition so designated, or separately bound volume, shall not be filed with the Court, except in accordance with paragraphs 10 and 11 of this Protective Order, as applicable. With respect to any Material designated as "Confidential" or "Attorney's Eyes Only" that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Material with

a cover labeled "Confidential" or "Attorney's Eyes Only" and shall inform all counsel in writing of the "Confidential" or "Attorney's Eyes Only" designation of such Material at the time such Material is produced.

4. No "Confidential" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following:

> a. Inside and outside attorneys for any Party engaged in the litigation of this action and the employees of such attorneys.
>
> b. A Party or employees of a Party actively engaged in assisting the Party's attorneys in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that Party to render professional services in the litigation.
>
> c. Anyone who was the author or prior recipient of the Material now designated as "Confidential" under this Protective Order, after such person has signed and delivered to counsel a statement in the form annexed hereto as Exhibit "A."
>
> d. Persons not employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this action for trial including, but not limited to, consulting and testifying expert(s), after such expert(s) has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit "A."
>
> e. Employees of outside copy or document management services actively engaged in assisting Retaining Counsel in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation.
>
> f. The Court, other court officials (including court reporters) and the trier of fact so long as the "Confidential" Material is provided or shown in accordance with the remaining provisions of this Protective Order.
>
> g. Fact witnesses, after such fact witness has signed and delivered to counsel interviewing such fact witness a statement in the form annexed hereto as Exhibit "A."

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of claims in this action.

5. No "Attorney's Eyes Only" Material subject to this Confidentiality Agreement or extracts or summaries therefrom shall be given or shown to any person except the following:

   a. Inside and outside attorneys for any Party engaged in the litigation of this action and the employees of such attorneys.

   b. Anyone who was the author or prior recipient of the "Attorney's Eyes Only" Material after such person has signed and delivered to counsel a statement in the form annexed hereto as Exhibit "A.".

   c. A deponent who is, at the time of the deposition, an employee or representative of the Party that produced the "Attorney's Eyes Only" Material and who saw the "Attorney's Eyes Only" Material before the Lawsuit was filed.  The aforementioned deponent may be shown copies of "Attorney's Eyes Only" Material only during the course of preparation for his or her testimony or in the actual course of the deposition.  The aforementioned deponent, however, may not retain any "Attorney's Eyes Only" Material, and must sign and deliver to counsel a statement in the form annexed hereto as Exhibit "A."

   d. Those persons listed in paragraphs 4(d) through (f) above.

No person allowed to view "Attorney's Eyes Only" Material shall use any "Attorney's Eyes Only" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of claims in this action.

6. If counsel wish to disclose "Confidential" or "Attorney's Eyes Only" Material to any person not described in paragraphs 4 or 5, respectively, above, they must proceed in the following manner:  the names of the persons to whom "Confidential" or "Attorney's Eyes Only" Material is to be disclosed and a description of the Material to be disclosed to such person shall be provided in writing to lead counsel for the producing Party fourteen (14) calendar days in advance of disclosure to afford counsel an opportunity to object to disclosure and move the Court for a protective order.  If no objection and motion for protective order are made within the fourteen (14) calendar day period, disclosure to such named persons may be made after the expiration of such fourteen (14) calendar day period.  If an objection and motion are made within the fourteen (14)

calendar day period, such Material shall not be disclosed pending a decision by the Court on such motion. Any person who becomes authorized to receive "Confidential" or "Attorney's Eyes Only" Material pursuant to this paragraph (whether such authorization arises from the lack of an objection and motion for protection or from the Court's ruling on a motion for protection) shall, prior to the receipt of the Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit "A." Disclosure made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order. The signed original or true and correct copy of each Exhibit "A" shall be provided to lead counsel for the producing Party within three (3) business days of receipt of lead counsel's written request for same.

7. The inadvertent, unintentional, or *in camera* production of any Material which has been designated as "Confidential" or "Attorney's Eyes Only" shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the Material in question. The Parties to whom the inadvertent or unintentional production was made shall cooperate in the return of such documents, records, things and/or information, including all copies thereof, and shall make no use of the Material for any purpose. The Parties also agree that any document, record, thing and/or information containing Material which has been designated as "Confidential" or "Attorney's Eyes Only" will not lose its status as "Confidential" or "Attorney's Eyes Only" by such inadvertent or unintentional production.

8. If any Party believes that any Material which has been designated as "Confidential" or "Attorney's Eyes Only" is not properly subject to the confidentiality provisions of this Protective Order, that Party must so notify the producing Party in writing within ten (10) calendar days of receiving the Material and provide a description of the Material which the objecting Party believes should be freed from the constraints of this Protective Order, and serve copies of such

notice on lead counsel for all other Parties herein. The Party producing such designated Material must then file a motion for protective order within fourteen (14) calendar days from receipt of such notice and shall bear the burden of justifying confidential treatment of the disputed Material under applicable law. If such motion is timely filed, the protection afforded by this Protective Order shall continue until a decision on the motion is made by the Court. If no motion is made within the fourteen (14) calendar day period, the protection afforded "Confidential" or "Attorney's Eyes Only" Material by this Protective Order shall terminate as to the Material described in the objecting Party's notice given pursuant to this paragraph.

9. Whenever "Confidential" or "Attorney's Eyes Only" Material is disclosed in a deposition, the Party making such disclosure shall inform the witness, on the record, that the use of such Material is subject to the terms of this Protective Order. <u>The witness must sign the statement form attached hereto as Exhibit "A," which form shall be included as an Exhibit to such deposition or the witness shall agree on the record to be bound by the terms of this Protective Order and the statement attached hereto as Exhibit "A." If a witness refuses both options, the deposition may cease and the Parties should file any necessary motions with the Court and set them for hearing or the Parties may agree to continue the deposition on terms agreeable to both Parties.</u> If any person present at the deposition is not encompassed within the categories of persons defined in paragraphs 4, 5, or 6 of this Protective Order, that person shall leave the deposition while any "Confidential" or "Attorney's Eyes Only" Material, as applicable, is being disclosed during the deposition.

10. Except for use in trial, in the event that any "Confidential" or "Attorney's Eyes Only" Material that is subject to the provisions of this Protective Order is used in motions, briefs,

or other documents filed with the Court, such document shall be filed under seal and bear the legend:

> "THIS DOCUMENT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL OR ATTORNEY'S EYES ONLY AND COVERED BY A PROTECTIVE ORDER."

11. During the trial, any exhibits offered into evidence shall have the "Confidential" or "Attorney's Eyes Only" designation provided for in paragraph 3 of this Protective Order removed, or the document shall be copied in such a manner that the "Confidential" or "Attorney's Eyes Only" designation shall not be visible on the exhibit.

12. This Protective Order shall not be deemed a waiver of:

   a. Any Party's right to object to any discovery requests on any ground;

   b. Any Party's right to seek an order compelling discovery with respect to any discovery request;

   c. Any Party's rights in any proceeding herein to object to the admission of any evidence on any ground; or

   d. Any Party's right to use its own documents, or any information contained in or derived from those documents, and its own "Confidential" or "Attorney's Eyes Only" Material in its sole and complete discretion.

13. The provisions of this Protective Order shall continue in effect with respect to any "Confidential" or "Attorney's Eyes Only" Material until expressly released by the Party furnishing such Material or until such Material shall be freed from the constraints of this Agreement, in compliance with paragraph 8, above, and such effectiveness shall survive the final determination of this action. Any Party may move the Court to amend any portion of this Protective Order, including amendment to permit actual trial witnesses access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for that testimony.

14. Unless otherwise agreed by the Party producing such Material, within sixty (60) days of the final determination of this action, each Party shall return all "Confidential" or

"Attorney's Eyes Only" Material in its possession or control, and all copies, derivations, and summaries thereof, to the Party who furnished it, or certify that all such material and all copies, derivations, and summaries thereof have been destroyed.  For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (1) full settlement of all claims, final judgments herein or the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action, or (ii) the expiration of all time limits for the filing of or application for extension of time pursuant to applicable law.

15. Counsel for the Parties to whom "Confidential" or "Attorney's Eyes Only" Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit "A" as and when required under the provisions of this Protective Order.

16. If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any Party receiving "Confidential" or "Attorney's Eyes Only" Material, such Party will notify lead counsel for the producing Party within forty-eight (48) hours, provide such lead counsel with a copy of the subpoena or other discovery request within forty-eight (48) hours, and will consent to and assist in obtaining an order from the appropriate court protecting the Material from being disseminated outside the scope of this Protective Order.

17. The inadvertent disclosure of any privileged documents shall not be deemed a waiver of that privilege as to any documents, testimony, or evidence.

18. If a Party wishes to use Materials marked as "Confidential" or "Attorney's Eyes Only" during any trial of this action, including any hearings, the Parties will, in advance, confer in good faith to agree upon a method to protect such marked Materials during such proceedings.  If

the Parties are unable to agree upon a method to protect such marked Materials, any Party may apply to the Court for a mechanism to maintain the confidentiality of such marked Materials.

19. It is agreed that all discovery produced by or obtained from third-parties shall be subject to the terms of this Protective Order, and any Party or third-party may designate discovery produced by or obtained from third-parties as "Confidential" and/or "Attorney's Eyes Only" even after such documents have been produced so long as the designation occurs within three (3) business days of a Party's receipt of the documents produced by the third-party.

20. By entering into this Protective Order, the Parties do not waive any objection, privilege, or right regarding discovery, manner of discovery, compliance with discovery, or use or admissibility of evidence.

Respectfully submitted,

/s/ *William R. Langley*
Jim Hart, Lead Attorney
Texas State Bar No. 24102061
William R. Langley
Texas State Bar No. 24102061

**WILLIAMS HART BOUNDAS EASTERBY, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 230-2326
Telephone: (713) 589-1834
Facsimile: (713) 643-6226
Email: PIDept@wholaw.com

—And—

George Chandler
**CHANDLER MATHIS ZIVLEY**
Texas State Bar No. 04094000
P.O. Box 340
Lufkin, Texas 75902-0340
Telephone: (936) 632-7778
Facsimile: (936) 632-1304
Email: gchandler@cmzlaw.net

**ATTORNEYS FOR PLAINTIFFS**


/s/ *Clayton E. Bailey*
Clayton E. Bailey, Lead Attorney
Texas State Bar No. 00796151
Benjamin L. Stewart
Texas State Bar No. 24046917

**BAILEY BRAUER PLLC**
Campbell Centre I
8350 N. Central Expressway, Suite 650
Dallas, Texas 75206
(214) 360-7433
(214) 360-7435 (fax)
Email:  cbailey@baileybrauer.com
        bstewart@baileybrauer.com

**ATTORNEYS FOR DEFENDANT
PILGRIM'S PRIDE CORPORATION**

11

## Exhibit "A"

## **STATEMENT**

1. I am familiar with and agree to be bound by the terms of the Agreed Protective Order in the litigation styled *Jose Manuel Requena, et al. v. Pilgrim's Pride Corporation*, Case No. 9:20-CV-147, in the United States District Court for the Eastern District of Texas, Lufkin Division.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Attorney's Eyes Only" Material as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

3. I will only reveal the contents of "Confidential" or "Attorney's Eyes Only" Material to any authorized persons.

4. I will not use "Confidential" or "Attorney's Eyes Only" Material for any purpose other than the prosecution or defense of claims in this action.

DATED this _____ day of _____, 202__.

By:_____

Name: _____
              (Print Name)