UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOSE MANUEL REQUENA and OSCAR REQUENA, Individually and On Behalf of the Estate of Maria Hernandez, <br><br>Plaintiffs, <br><br>vs. <br><br>PILGRIM'S PRIDE CORPORATION, <br><br>Defendant. | ) ) ) ) ) ) ) ) Case No. 9:20-cv-00147-RC-ZJH ) ) ) ) ) |

### AGREED MOTION TO EXTEND DEADLINES

Defendant Pilgrim's Pride Corporation ("Pilgrim's") hereby files this Agreed Motion to Extend Deadlines ("Motion") and states as follows:

1. The Texas Legislature is on the cusp of passing a law that will have a significant impact on this litigation. Among other things, the law will determine which claims Plaintiffs may pursue in this case, what Plaintiffs' burden of proof will be, what evidence Plaintiffs will be required to present, and what defenses Pilgrim's may raise.

2. In accordance with the Court's request regarding special complexities related to this litigation, Pilgrim's informed the Court that such legislation was likely to be considered by the Legislature when the parties filed their Joint Conference Report Pursuant to Federal Rule of Civil Procedure 26 last September. (*See* ECF 18 at 2 and 5.) The Court also discussed the effect such legislation may have on the case with the parties during the Rule 16 Management Conference on October 1, 2020 and advised the parties to keep the Court apprised of new developments.

3. Although the parties have been pursuing discovery, they have been hesitant to take key depositions until they know what the law governing the case will be. The parties also need to

know the applicable law for their experts to be able to offer relevant opinions in accordance with Federal Rule of Evidence 702.

4. The Court should extend the deadlines in this case because both sides agree good cause exists. Federal Rule of Civil Procedure 6(b) grants district courts "wide discretion to enlarge the time for doing an act . . . ." *Woods v. Allied Concord Fin. Corp. (Del.)*, 373 F.2d 733, 734 (5th Cir. 1967). Indeed, Rule 6(b)(1)(A) "gives the court wide discretion to grant a request for additional time that is made prior to the expiration of the period originally prescribed or prior to the expiration of the period as extended by a previous enlargement order." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1165 (2d ed. 1986). Rule 6(b) even allows the Court to grant an extension "without motion or notice" so long as "the court acts, or if a request is made, before the original time or its extension expires"—as is the case here. Fed. R. Civ. P. 6(b)(1)(A).

5. Here, the only deadline the parties seek to extend that has expired is Plaintiffs' expert disclosure deadline (which was May 20, 2021), and Pilgrim's agreed to extend that deadline before it expired. Furthermore, because the extension requested is not sought in bad faith and neither party will be prejudiced—as demonstrated by the parties' agreement to the relief sought herein—the request to extend the deadlines listed below should be granted. *See Federal Practice & Procedure* § 1165 ("an application for the enlargement of time under Rule 6(b)(1)[(A)] normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party").

6. In accordance with the parties' agreement and based on the good cause demonstrated herein, the parties request that the deadlines be extended as shown below:

| Current Deadline | New Deadline | Description[1] |
|---|---|---|
| September 17, 2021 | January 17, 2022 | Deadline to mediate. |
| May 20, 2021 | September 20, 2021 | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| June 18, 2021 | October 18, 2021 | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| August 6, 2021 | December 6, 2021 | Deadline to object to any other party's expert witnesses.  Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection.  The court will not accept objections to experts filed in any form, including motions in limine, after this date.<br><br>Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B) and 26(a)(2)(C)(i)-(ii).  Challenges to expert reports should include those set out in Federal Rule of Evidence 702(a)-(d) and 703. |
| August 20, 2021 | December 20, 2021 | DISCOVERY shall be completed by this date. |
| September 14, 2021 | January 14, 2022 | MOTION CUT-OFF.  Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| October 14, 2021 | February 14, 2022 | Notice of intent to offer certified records. |
| October 21, 2021 | February 21, 2022 | Counsel and unrepresented parties are each responsible for contacting opposing counsel |

---

[1] The information in the "Description" column—including footnotes—was taken from the Amended Scheduling Order entered by the Court on January 19, 2021. (*See* ECF 37.)

| Current Deadline | New Deadline | Description[1] |
|---|---|---|
| | | and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).<br><br>To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition. Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (see Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial. |
| November 5, 2021 | March 7, 2022 | Motions in limine are due. File Joint Final Pretrial Order. The form is available on the Eastern District of Texas's website. |
| November 19, 2021 | March 28, 2022 | Responses to motions in limine are due.[2]<br><br>File Proposed Jury Instructions / Verdict Form (or Proposed Findings of Fact and Conclusions of Law). |
| December 3, 2021 | April 11, 2022 | For witnesses who are not going to be called live, oral and video deposition designations are due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting line and page numbers to be included in the video. Counsel must consult on any |

---

[2] To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

| Current Deadline | New Deadline | Description[1] |
|---|---|---|
| | | objections, and only those which cannot be resolved shall be presented to the court.[3] <br><br> The party who filed the initial video designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.) |
| December 17, 2021 | April 25, 2022 | File unresolved objections to oral and video deposition extracts. |
| Date to be set by the Court. | Date to be set by the Court. | If numerous motions are pending, the court may set a hearing to consider all pending motions and objections. |
| Date in early 2022 to be set by the Court. | Date in mid-2022 to be set by the Court. | Docket call and Final Pretrial at 10:00 a.m. before Hon. Zack Hawthorn, Courtroom No. 102, Ward R. Burke United States Courthouse, 104 North Third Street, Lufkin, Texas. Date the parties should be prepared to try the case. |
| Date in early 2022 to be set by the Court. | Date in mid-2022 to be set by the Court. | Jury selection at 1:30 p.m. before Hon. Zack Hawthorn in Lufkin. |
| Date in early 2022 to be set by the Court. | Date in mid-2022 to be set by the Court. | Trial at 10:00 a.m. before Hon. Zack Hawthorn in Lufkin. |

## Conclusion

For all the reasons explained above, Pilgrim's respectfully requests that this Agreed Motion to Extend Deadlines be granted and that the Court grant all other and further relief to which Pilgrim's is entitled either at law or in equity.

---

[3] Opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The court needs a copy of the pertinent deposition to rule on any objection.

Dated:  May 24, 2021.

        Respectfully submitted,

        /s/ *Benjamin L. Stewart*
        Clayton E. Bailey, Lead Attorney
        Texas State Bar No. 00796151
        Benjamin L. Stewart
        Texas State Bar No. 24046917

        **BAILEY BRAUER PLLC**
        Campbell Centre I
        8350 N. Central Expressway, Suite 650
        Dallas, Texas 75206
        (214) 360-7433
        (214) 360-7435 (fax)
        cbailey@baileybrauer.com
        bstewart@baileybrauer.com

        **ATTORNEYS FOR DEFENDANT**
        **PILGRIM'S PRIDE CORPORATION**

## CERTIFICATE OF CONFERENCE

    Counsel for Pilgrim's has complied with the meet and confer requirement in Local Rule CV-7(h).  Counsel for Pilgrim's, Benjamin Stewart, conferred with counsel for Plaintiffs, William Langley, several times regarding the relief requested herein, including on May 12, 19, and 20, 2021.  Plaintiffs agree with the relief requested herein.

        /s/ *Benjamin L. Stewart*
        Counsel for Pilgrim's Pride Corporation

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically on May 24, 2021. As such, this document was served on all counsel of record who are deemed to have consented to electronic service, including Plaintiffs' counsel identified below:

Jim Hart, Esq.
William Langley, Esq.
Williams Hart Boundas Easterby, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001

George Chandler, Esq.
P.O. Box 340
Lufkin, Texas 75902-0340

                                                  /s/ *Benjamin L. Stewart*
                                                  Counsel for Pilgrim's Pride Corporation